IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAUL VILLA-ESCAMILLA | § | |
| | § | |
| V. | § | A 16-CV-536-LY |
| | § | (A-14-CR-112-LY) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Raul Villa-Escamilla's to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 25). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I. GENERAL BACKGROUND

Pursuant to a plea agreement, on April 15, 2014, Villa-Escamilla pled guilty to illegal reentry into the United States, a violation of 8 U.S.C. 1326. Dkt. No. Dkt. No. 17. On June 12, 2014, the District Court accepted Villa-Escamilla's plea and sentenced him to a 45 month term of imprisonment, followed by a three year term of supervised released, and a $100 special assessment fee. Dkt. No. 23. Villa-Escamilla did not appeal his sentence. On May 4, 2016, Lopez filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 challenging his conviction. Dkt. No. 25.

## II. ANALYSIS

By his motion, Villa-Escamilla argues that under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was held retroactive by *Welch v. United States*, 136 S.Ct. 1257 (2016), the District Court improperly calculated his sentence. In *Johnson*, the Court examined the residual clause of the Armed Career Criminal Act, which defined a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Court determined that the residual clause was unconstitutionally vague, and therefore void. In *Welch*, the Court held that its *Johnson* decision was a new substantive rule to be applied retroactively in cases on collateral review.

Escamilla-Villa was not sentenced under the Armed Career Criminal Act, but rather under 8 U.S.C. § 1326(b). That statute provides for imprisonment of "not more than 20 years" for those aliens "whose removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Escamilla-Villa argues that the definition of "aggravated felony" is provided by 8 U.S.C. § 1101(a)(43)(F), which refers to "a crime of violence (as defined in section 16 of title 18)." That section defines "crime of violence" to mean

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Escamilla-Villa argues that his prior conviction for Aggravated Assault Family Violence with Serious Bodily Injury was not a "crime of violence" under section (a), because "it did not require as an element the use of destructive or violent force in committing the offense."

Therefore, Escamilla-Villa contends, he could only have been convicted under § 1326(b) if his prior conviction satisfied the elements of the second section, (b).  But, Escamilla-Villa argues, section (b)'s expansive definition—conduct which "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"—is vague in the same way as the residual clause of the Armed Career Criminal Act.  He concludes that *Johnson* and *Welch* therefore apply, the provision is void, and he is entitled to relief.

Villa-Escamilla is wrong.  Setting aside whether *Johnson* implicates statutes other than the Armed Career Criminal Act, it does not apply to Villa-Escamilla's case. Villa-Escamilla was not sentenced under section (b)'s allegedly constitutionally vague language.  Instead, he was convicted under section (a), the "has as an element" clause. While Villa-Escamilla argues that his prior conviction for Aggravated Assault Family Violence with Serious Bodily Injury does not fit the language of 18 U.S.C. § 16(a), it plainly does.  *See* Tex. Penal Code § 22.02 ("A person commits [Aggravated Assualt] if the person commits assault . . . and the person: (1) causes serious bodily injury to another, including the person's spouse"). Thus, even if *Johnson* has opened the door to challenging section (b), it would make no difference to Villa-Escamilla, who was convicted of a crime of violence as defined by section (a).

Moreover, because *Johnson* does not apply to Villa-Escamilla's case, his motion is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one year limitations period for filing a § 2255 motion in federal court. Since 1996, § 2255(f), amended by § 105(2) of the AEDPA, has provided as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Villa-Escamilla argues that the Court's decision in the *Johnson* case constitutes the sort of "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, as noted, *Johnson* is not applicable to Villa-Escamilla's case. As such he does not qualify for the statute of limitations "safety valve." Because his conviction became final on June 12, 2014, the latest he could file his § 2255 motion was June 12, 2015. He filed his motion on May 4, 2016. It is therefore time-barred and should be dismissed.

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Villa-Escamilla's Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. No. 25) as time barred.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

5

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 23rd day of May, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE